# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAVIER ORTIZ, | : | |
| Petitioner | : | CIVIL ACTION NO. 3:10-0028 |
| v. | : | (MUNLEY, D.J.) |
| | : | (MANNION, M.J.) |
| COMMONWEALTH OF PENNSYLVANIA, and | : | |
| PA STATE ATTORNEY GENERAL, | : | |
| Respondents | : | |

## REPORT AND RECOMMENDATION[1]

On January 6, 2010, the petitioner, an inmate at the State Correctional Institution, Huntingdon, Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, in which he challenges his conviction in the Court of Common Pleas of Philadelphia County, Pennsylvania. (Doc. No. 1). The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases. 28 U.S.C. foll. § 2254.

By way of background, the petitioner states that he was convicted in the Court of Common Pleas of Philadelphia County on or about May 15, 2002, and was sentenced to life imprisonment without parole, on May 17, 2002. (Doc. No. 1 at ¶¶2, 5 & 8). The petitioner indicates that a direct appeal was not filed and therefore, he was denied effective assistance of counsel. *Id.* at ¶17. As such,

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

he alleges that he filed a petition under the Post Conviction Relief Act on January 10, 2003, in which he raised ineffective assistance of counsel claims. *Id.* at ¶10. Petitioner states his petition was dismissed, but no resolution date is indicated. (Doc. No. 1 at 13). However, on January 6, 2010, the petitioner filed the instant petition accompanied by a Memorandum in Support of Petition for Writ of Habeas Corpus, in which he challenges his conviction and sentence because he was denied effective assistance of counsel, namely because counsel failed to file a direct appeal, and seeks that his direct appeals rights be restored. (Doc. No. 1).

This action should be transferred to the United States District Court for the Eastern District of Pennsylvania. In 1966, 28 U.S.C. §2241(d) was amended to provide that when an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a state court which contains two or more federal judicial districts, the application may be filed in either the district court for the district wherein such person is in custody, or in the district court for the district within which the state court was located which convicted and sentenced the petitioner. Each of the district courts shall have concurrent jurisdiction to entertain the application. That section further provides, however, that the district court for the district wherein such an application is filed, in the exercise of its discretion and in the furtherance of justice, may transfer the application to the other district court for hearing and

determination.

Since the amendment of that section, it has been the agreed practice of the United States District Courts for the Eastern, Middle and Western Districts of Pennsylvania, to transfer any habeas petitions filed by a petitioner incarcerated in their respective districts to the district which includes the county where the conviction was had. In the instant action, the Philadelphia County Court would have the records for the conviction complained of in this action; the witnesses, if any, would be located there; and counsel, who would be familiar with those records, could more readily and conveniently respond to any order to show cause issued by the Eastern District of Pennsylvania.

On the basis of the foregoing,

**IT IS RECOMMENDED THAT**:

this action be transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §2241(d).

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date: January 7, 2010**
O:\shared\REPORTS\2010 Reports\10-0028-01.wpd