# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAVIER ORTIZ,<br>    Petitioner<br><br>        v.<br><br>COMMONWEALTH of<br>PENNSYLVANIA and<br>PENNSYLVANIA STATE<br>ATTORNEY GENERAL,<br>    Respondents | No. 3:10cv028<br><br>(Judge Munley) |

## MEMORANDUM and ORDER

Before the court is the petitioner's objection (Doc. 6) to Magistrate Judge Malachy E. Mannion's recommendation (Doc. 3) that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be transferred to the United States District Court for the Eastern District of Pennsylvania. The time for respondents' response has elapsed and the matter is ripe for disposition.

Petitioner Ortiz filed his petition for a writ of habeas corpus on January 6, 2010. (Pet. (Doc. 1)). Petitioner, pursuant to 28 U.S.C. § 2254, challenges the constitutionality of his custody after his conviction in the Court of Common Pleas of Philadelphia County, Pennsylvania.[1] (Pet'r Mem. at ¶¶ 2, 5, 8 (Doc. 1)). Petitioner's claims are based on ineffective assistance of counsel and due process violations for his attorney's failure

---

[1] We have jurisdiction over the instant petition pursuant to 28 U.S.C. § 2241(a), which provides in pertinent part, "[w]rits of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." Petitioner Ortiz is an inmate at State Correctional Institution–Huntingdon, which is in the Middle District of Pennsylvania. However, pursuant to 28 U.S.C. § 2254, we may only entertain a petition for a writ of habeas corpus of a person in custody pursuant to the judgment of a state court on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a).

to file a timely notice of appeal and for the Commonwealth's refusal to acknowledge the validity of the petition he allegedly filed under the Post Conviction Relief Act ("PCRA"). (Pet'r Mem. at ¶¶ 17, 18); see U.S. Const. amends. V, VI, XIV.

On January 7, 2010 Magistrate Judge Malachy E. Mannion submitted his report and recommendation (Doc. 3) that this action be transferred from this district (where petitioner is in custody) to the United States District Court for the Eastern District of Pennsylvania (where petitioner was convicted) in keeping with agreed practice of the United States District Courts for the Middle, Eastern, and Western Districts of Pennsylvania. See also 28 U.S.C. § 2241(d)[2].

Petitioner Ortiz filed his objection to the report and recommendation on February 25, 2010. (Doc. 6). Petitioner acknowledges that this court has discretion to transfer his case to the Eastern District of Pennsylvania, but argues that because he and five of the seven witnesses he intends to call are located in the Middle District and because the trial records could

---

[2] Subsection 2241(d) provides:
> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

easily be sent from the Philadelphia County Court, we should keep the case. (Id.) The respondents have not filed a response to the petitioner's objection and the time for such a response has elapsed, bringing the case to its present posture. See L.R. 72.2, 72.3.

After a careful review of the petitioner's arguments, we agree with the magistrate judge that the Eastern District is the most appropriate venue to entertain this action and we will exercise our discretion to transfer the action.[3] While petitioner and some of his potential witnesses may be located in this district, it is likely that many witnesses will be located in the Eastern District, along with the record of petitioner's conviction and the counsel most familiar with that record. For these reasons, petitioner's objection (Doc. 6) is HEREBY **OVERRULED** and the report and recommendation (Doc. 3) of Magistrate Judge Malachy E. Mannion is HEREBY **ADOPTED**. The Clerk of Court is directed to transfer this case to the United States District Court for the Eastern District of Pennsylvania.

Date:   3/15/10                          s/ James M. Munley
                                         **JUDGE JAMES M. MUNLEY**
                                         **United States District Court**

---

[3] In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.